# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**WAYNE DECKER,**

        **Plaintiff,**

**-vs-**              Case No. 6:08-cv-1460-Orl-22GJK

**MERCEDES HOMES, INC.,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

  This cause came on for consideration without oral argument on the following motion and referral:

| | |
|---|---|
| **MOTION:** | **JOINT NOTICE OF SETTLEMENT, MOTION FOR APPROVAL OF SETTLEMENT, MOTION TO DISMISS CASE WITH PREJUDICE** (Doc. No. 15) |
| **FILED:** | **December 11, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

  Plaintiff and Defendant jointly move the Court to approve their settlement agreement (the "Agreement") of Plaintiff's claims pursuant to the Fair Labor Standards Act ("FLSA") and to dismiss the case with prejudice. Doc. Nos. 15, 19-2.

Pursuant to *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982) judicial review and approval of this settlement is necessary to give it final and binding effect. As the Eleventh circuit held in *Lynn*:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53. Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

(1) the existence of collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of plaintiff's success on the merits;
(5) the range of possible recovery; and
(6) the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-

3, (M.D. Fla. January 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).[1]

The case involved disputed issues of FLSA coverage, which constitutes a bona fide dispute. *See* Doc. Nos. 1; 15 at ¶ 2. Each party was represented by independent counsel who were obligated to vigorously represent their clients. The parties agreed to settle Plaintiff's claim for a total sum of $3,103.84, representing $1,351.92 in unpaid overtime wages, $1,351.92 in liquidated damages, and $400.00 in attorney's costs. Doc. No. 19-2. In Plaintiff's Answers to Court's Interrogatories, he states the total unpaid overtime wages owed are $64,872.00. Doc. No. 12 at ¶ 6. In the Joint Motion for Approval of Settlement Agreement, Plaintiff states that his original calculations were based on a time and a half, but he was paid on a salary basis so he would actually only be entitled to half time. Doc. No. 15 at ¶ 6. As a further reason for the disparity between Plaintiff's original calculations and the amount accepted in the Settlement Agreement, Plaintiff states that after reviewing Defendant's records, he realizes that his original calculations were overstated. Doc. No. 15 at ¶ 6. Additionally, Plaintiff states that he has considered the amount of time and resources he would need to expend throughout the litigation. *Id*. at ¶ 6. Plaintiff maintains that acceptance of the Settlement Agreement is in his best interest. *Id*. Moreover, Plaintiff's counsel has not charged Defendant for attorney's fees because Defendant will be paying additional attorney's fees and costs through the settlement agreement in *Gerald Lepinske v. Mercedes Homes, Inc.*, Case No.: 6:07-cv-915-31DAB. *Id*. at ¶ 7. The undersigned finds the proposed Settlement Agreement in exchange for Plaintiff's release of all claims and dismissal of the action with prejudice to be fair and reasonable.

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (decision from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

**THEREON IT IS RECOMMENDED THAT THE COURT**:

1. **GRANT** the Joint Motion (Doc. No. 15) only to the extent that the Court finds the parties' settlement is fair and reasonable; and

2. Enter an order dismissing the case with prejudice and direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 14, 2009.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record.